UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL O'DONNELL and MICHALE O'DONNELL,<br><br>　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>DAIFUKU AMERICA CORPORATION, and DOES 1 through 25, Inclusive,<br><br>　　　　　　　　　Defendants. | Case No. CIV-S-13-1747-EFB<br><br>Assigned to: Magistrate Judge Edmund F. Brennan<br><br>**STIPULATED NON-SHARING PROTECTIVE ORDER** |

　　　WHEREAS, Plaintiffs filed this action against Daifuku America Corporation; and

　　　WHEREAS, certain documents produced by Daifuku America Corporation and Daifuku Co., Ltd. (collectively "Daifuku") are claimed by Daifuku to contain information that includes proprietary interests, trade secrets, and confidential commercial information, in addition to information that provides Daifuku a competitive advantage that will be irretrievably lost if the information is acquired by Daifuku's competitors in the relevant industry and marketing business; and

　　　WHEREAS, Daifuku desires to preserve the confidentiality of such information and prevent the information from being acquired by its competitors;

　　　IT IS HEREBY STIPULATED that the Court may enter the following Stipulated Non-Sharing Protective Order for these documents only.

/ / /

IT IS HEREBY ORDERED THAT:

1. The term "confidential information" as used in this Stipulated Non-Sharing Protective Order shall refer to those documents identified and marked as "Confidential" as described below, and to the substance of any information obtained from such documents that are claimed by Daifuku to contain confidential or sensitive information, including but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting the same or the former Rule 26(c)(7), and other information that provides Daifuku a competitive advantage that will be irretrievably lost if the information is acquired by competitors of Daifuku.

2. The documents protected by this Stipulated Non-Sharing Protective Order have been designated "confidential" by:

    (a) Typing, stamping or imprinting upon the document "CONFIDENTIAL," "PRODUCED PURSUANT TO PROTECTIVE ORDER," or "SUBJECT TO PROTECTIVE ORDER" and

    (b) Applying such in a manner so as not to obscure any information contained therein.

3. All information and documents designated as "confidential" shall be accorded confidential status until such time as determined otherwise pursuant to the following provisions of the Stipulated Non-Sharing Protective Order.

4. Any notes, lists, memoranda, indices, compilations, electronically stored information, reports, records and documents prepared or based on an examination of "confidential information" and any summaries of "confidential information," which quote from, identify or refer to the "confidential information" with such specificity that the "confidental information" can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying "confidential information" from which they are made and shall be subject to all of the terms of the Stipulated Non-Sharing Protective Order.

5. All "confidential information" shall be used for this litigation, shall not be used for any business, commercial or competitive purposes, may be disclosed only to the following individuals or entities, and shall not be revealed, discussed or disclosed in any manner or in any form, to any person, entity or judicial tribunal other than:

    (a) The Court, court personnel including court reporters retained by the parties, and jurors;

    (b) Counsel of record with the law firms representing the parties;

    (c) An employee of counsel of record with the law firms representing the parties who is working on the case and to whom it is necessary that the material be shown for purposes of litigation;

    (d) Deponents during their deposition only and only where there is a good faith belief that it is necessary that the material be shown to them;

    (e) Experts or professional advisors and persons regularly employed in their offices retained by a party to assist in the prosecution or defense of this action, but only to the extent necessary for such person to perform their assigned tasks in connection with this action.

6. "Confidential information" shall not be shown or disclosed to persons described in paragraphs 5(b), 5(c), 5(d) and 5(e) until that person shall be shown this Stipulated Non-Sharing Protective Order and signs and dates a written agreement to be bound by the terms of this Stipulated Non-Sharing Protective Order, which agreement shall be identical to that set forth in Appendix A of this Stipulated Non-Sharing Protective Order.

7. The original and copies of the signed agreement(s) shall be maintained in the possession, custody and control of Plaintiffs' counsel. Daifuku may seek a Court Order requiring Plaintiffs to disclose such signed copies to them.

8. All persons who receive "confidential information" and/or material or information accorded the status of confidentiality in this action shall maintain the confidentiality of such material and information in accordance with the terms of this Stipulated Non-Sharing Protective Order.

7923332
3
STIPULATED NON-SHARING PROTECTIVE ORDER

9. Copies of discovery responses and documents containing "confidential information" shall not be filed with the Court, except in accordance with Paragraph 10 herein.

10. In the event that any document, deposition testimony, deposition exhibit, interrogatory, answer thereto, exhibit or attachment to an interrogatory or answer, request for production, answer to request for production, documents and/or exhibits accompanying a document request or answer, request for admission or response thereto, motion, memorandum, affidavit, brief or any other submission by any party is filed with the Court which includes, incorporates or quotes "confidential information," such filings shall be submitted in sealed envelopes and other appropriate containers endorsed to the effect that they are sealed pursuant to this Stipulated Non-Sharing Protective Order by reason of containing "confidential information" and shall be lodged with the court under seal and not disclosed, except to the Court, in accordance with Local Rules 141 and 141.1.

11. To the extent that any "confidential information" is used in the taking of depositions, such "confidential information" shall remain subject to the provisions of this Stipulated Non-Sharing Protective Order. Daifuku may designate depositions or other testimony concerning the documents and the information contained therein as "confidential information" by:

    (a) Stating orally on the record the day the testimony is given that the information is expected to be "confidential;" and,

    (b) Sending written notice designating by page and line the portions of the transcript of the deposition or other testimony to be treated as "Confidential," within 30 days after receipt of the transcript.

The reporter shall operate in a manner consistent with this Stipulated Non-Sharing Protective Order and shall separately label the confidential portions of the deposition transcript, including documents and other exhibits containing confidential information. The confidential information shall be sealed and made part of the original deposition transcript, and counsel for Daifuku shall retain custody and control of the original transcript, or that portion of the original transcript referring to the confidential information and the sealed confidential documents. Any certified copies containing confidential information will be returned to counsel for Daifuku after the conclusion of this litigation in accordance with paragraph 17.

12.     Any party may apply to the Court for the imposition of further limitations upon the disclosure of specific information if such party deems further limitations are required in specific instances.  Any party may apply to the Court for relief from limitations if such party deems such relief is required in specific instances.

13.     Nothing in this Stipulated Non-Sharing Protective Order shall prevent any disclosure if the party designating the information as confidential consents to such disclosure.

14.     The execution of this Stipulated Non-Sharing Protective Order shall not in any way detract from the right of a party to object to the production of discovery materials on grounds other than confidentiality.

15.     Failure by a party to challenge the confidentiality of any document or information at the time of receipt thereof shall not preclude a subsequent challenge thereto. In the event a party to this litigation disagrees with the designation of any information as confidential, the parties shall attempt to dispose of such dispute in good faith on an informal basis.  If the disagreement cannot be resolved in this fashion, the party contesting the confidentiality of the material may, by sealed motion setting forth with specificity the items challenged, seek an Order freeing the material in question from the designation as "confidential information."  The party asserting that documents or other tangible litigation materials constitute "confidential information" shall bear the burden of proof that the terms of this Stipulated Non-Sharing Protective Order apply.  Any information as to which such Motion is made shall remain "confidential information" under the provisions of this Stipulated Non-Sharing Protective Order until further Order of the Court.

16.     Nothing contained in this Stipulated Non-Sharing Protective Order shall prevent a party to this action from using its own confidential information and material in any way that it sees fit, or from revealing its own confidential information and material to whomever it chooses, without prior consent of any person or of the Court.

17.     After the conclusion of this litigation as to all parties, all "confidential information" and all copies thereof shall be returned to counsel for Daifuku and shall remain subject to the terms of this Stipulated Non-Sharing Protective Order, and the parties consent to the continuation of jurisdiction and

venue of this Court to resolve any disputes arising from the treatment or disposition of "confidential information" after conclusion of this litigation.

18. This Stipulated Non-Sharing Protective Order shall not be abrogated, modified, amended or enlarged except by agreement of the parties or by Motion, with notice given to each of the parties.

19. Nothing contained herein shall restrict the presentation of any evidence, including "Confidential Information," to a jury or the Court during a trial or other hearing of this action. However, such presentation shall not constitute a waiver of any restrictions provided for in this Stipulated Non-Sharing Protective Order and the parties agree to take reasonable steps to maintain the confidentiality of any "confidential information" at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree. Before any such presentation of "confidential information," the party presenting the "confidential information" shall provide Daifuku with appropriate notice so that Daifuku may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the "confidential information."

The Stipulation may be signed in counterpart.

Dated: February __, 2014                           GORDON & REES LLP

                                                    signature on original
                                              _____
                                                    Stuart Gordon
                                                    James Reilly
                                                    Attorneys for Plaintiffs
                                              Michael O'Donnell and Michale O'Donnell

                                                    Daifuku America Corporation
Dated: February __, 2014                           BOWMAN AND BROOKE LLP

                                                    signature on original
                                              _____
                                                    Ryan A. McCarthy
                                                    Attorneys for Defendant
                                                    Daifuku America Corporation

1  The Court, after reading the Stipulated Non-Sharing Protective Order submitted by the parties,
2  hereby approves of and enters this Stipulated Non-Sharing Protective Order.
3  **IT IS SO ORDERED.**
4  Dated:  February 24, 2014.

                    EDMUND F. BRENNAN
                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL O'DONNELL and MICHALE O'DONNELL,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>DAIFUKU AMERICA CORPORATION, and DOES 1 through 25, Inclusive,<br><br>　　　　　　　Defendants. | Case No. CIV-S-13-1747-EFB<br><br>Assigned to:  Magistrate Judge Edmund F. Brennan<br><br>**APPENDIX "A" TO STIPULATED NON-SHARING PROTECTIVE ORDER** |

　　　I, _____, certify that I have read the Stipulated Non-Sharing Protective Order dated _____, entered in the above-captioned action and further certify that I fully understand the procedural and substantive requirements of that Stipulated Non-Sharing Protective Order, a copy of which is attached hereto.  Before reviewing or receiving access to any document, material, information and/or discovery subject to the protection of that Stipulated Non-Sharing Protective Order and as a condition for such review and/or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Stipulated Non-Sharing Protective Order.  I subject myself to the jurisdiction and venue of said Court for purposes of enforcement of the Stipulated Non-Sharing Protective Order.

_____
(signature)

_____
(print name)